[Cite as *State v. West*, 2011-Ohio-5215.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | |
| CODY WEST | : | Case No. CT11-0003 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case. No. CR2010-0178


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 6, 2011


APPEARANCES:

For Plaintiff-Appellee

ROBERT L. SMITH
27 North Fifth Street
Suite 201
Zanesville, OH 43701

For Defendant-Appellant

ERIC J. ALLEN
713 South Front Street
Columbus, OH 43206

*Farmer, J.*

{¶1} On September 1, 2010, the Muskingum County Grand Jury indicted appellant, Cody West, on one count of robbery in violation of R.C. 2911.02 and one count of possession of criminal tools in violation of R.C. 2923.24. Said charges arose from a robbery at the Starfire Gas Station in Zanesville, Ohio.

{¶2} On October 27, 2010, appellant pled guilty to the robbery count. The remaining count was nolled. By entry filed December 7, 2010, the trial court sentenced appellant to three years in prison.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT TO THREE YEARS IN PRISON."

I

{¶5} Appellant claims the trial court abused its discretion in sentencing him to three years in prison. We disagree.

{¶6} Specifically, appellant argues his sentence of three years for robbery in the second degree "is a waste of resources to incarcerate an admitted addict with no chance of rehabilitation in prison." Appellant's Brief at 3.

{¶7} R.C. 2929.11 governs overriding purposes of felony sentences and states as follows:

{¶8} "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing

are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶9} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states as follows in pertinent part:

{¶11} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."

{¶12} The very language of R.C. 2929.13 grants trial courts discretion to impose sentences. Pursuant to R.C. 2929.14(A)(2), a felony of the second degree is

punishable by "two, three, four, five, six, seven, or eight years." Appellant was sentenced to three years in prison, within the permissible range.

{¶13} In sentencing appellant to three years, the trial court noted, "[u]pon review of the presentence investigation, the Court will note, as indicated by counsel, you have no felony record as an adult, but you committed a felony, similar crime, when you were a juvenile, as well as other felonies at DYS." December 6, 2010 T. at 5.

{¶14} While appellant argues he is an admitted drug user and has mental health problems and therefore incarceration would be a waste of resources, protecting the public and punishment are the focus of R.C. 2929.11, not rehabilitation. The trial court found appellant had committed a similar crime while a juvenile, as well as other felonies while in the custody of the Department of Youth Services. In committing the robbery of the gas station, appellant struck an employee, a struggle ensued, and he continued to strike the employee while demanding money. See, Appellant's Brief, Statement of the Facts. The trial court sentenced appellant to three years, the low end of the range of sentences for a second degree felony.

{¶15} Upon review, we find the trial court did not abuse its discretion in sentencing appellant to three years in prison.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


_s / Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Julie A. Edwards_____
                                    JUDGES


SGF/sg 916

[Cite as *State v. West*, 2011-Ohio-5215.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
CODY WEST                              :
                                       :
    Defendant-Appellant            :          CASE NO. CT11-0003


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.


    _s/ Sheila G. Farmer_____


    _s/ William B. Hoffman_____


    _s/ Julie A. Edwards_____

                        JUDGES